IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT INMAN,<br><br>　　　　Plaintiff,<br>　　v.<br><br>SUNTRUST MORTGAGE, INC., MTC FINANCIAL, INC. dba TRUSTEE CORPS., and DOES 1-10 inclusive,<br><br>　　　　Defendants. | 1:10-CV-1031 AWI GSA<br><br>ORDER ON DEFENDANTS' RESPECTIVE MOTIONS TO DISMISS AND ORDER REMANDING CASE TO THE KERN COUNTY SUPERIOR COURT<br><br>(Doc. Nos. 4, 6) |

　　This case was removed from the Kern County Superior Court on the basis of federal question jurisdiction. The case stems from a defaulted home loan. Plaintiff Scott Inman ("Inman") obtained the loan and brings suit against Defendant Suntrust Mortgage, Inc. ("Suntrust"), who services the loan, and Defendant MTC Financial, Inc. ("MTC"), who is the deed of trust trustee. Inman seeks declaratory and injunctive relief and alleges violations of state and federal law. Defendants have filed separate Rule 12(b)(6) motions to dismiss. For the reasons that follow, the Court will grant Suntrust's motion and remand this case.

## BACKGROUND

　　From the Complaint and Defendants' respective requests for judicial notice,[1] Inman

---

[1] Suntrust and MTC have filed separate requests for judicial notice. The subject of the requests are documents that have been recorded in the Kern County recorder's office and include: the deed of trust, an assignment, a notice of default, a substitution of trustee, and a notice of trustee's sale. See Court's Docket Doc. Nos. 4-2, 6-2. Inman does not object to the requests for judicial notice. A court may judicially notice public documents. The Court grants both requests for judicial notice. See Fed. R. Evid. 201(b); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986); Fortaleza v. PNC Fin. Serv. Grp., Inc., 642 F.Supp.2d 1012, 1019 (N.D. Cal. 2009).

obtained a loan from Metropolitan Home Mortgage, Inc.  See Doc. 4-2 at Ex. A.  Real property located at 217 Williamson Way in Bakersfield, California, is the security for Inman's loan.  Suntrust is the servicer of the loan.  See Doc. 4-2 at Ex. A; Complaint ¶ 3.  Inman fell behind on the loan and a notice of default and election to sell under deed of trust was recorded in the Kern County recorder's office on November 6, 2009.  See Doc. 4-2 at Ex. B.  The notice of default contains a declaration of compliance with California Civil Code § 2923.5.  Id.  A notice of trustee's sale set a date of June 1, 2010, for a trustee's sale.  See Doc. 6-2 at Ex. E.

Inman fell behind on his payments due to treatment for cancer and other health related reasons.  See Complaint ¶ 31.  Inman alleges that he is eligible for both the federal Home Affordable Modification Program ("HAMP") and for a loan modification under California Civil Code § 2923.6.  Id. at ¶¶ 19, 20.  Suntrust has not agreed to participate in HAMP.  Id. at ¶ 36.

Inman filed suit against Defendants in state court, but the matter was removed on June 8, 2010.  Inman's complaint seeks declaratory and injunctive relief and alleges a breach of the covenant of good faith and fair dealing.  The cause of action for breach of the covenant of good faith is broad and alleges violations of 24 C.F.R. § 203.604 and 203.605, HAMP,[2] and California Civil Code §§ 2923.5 and 2923.6.  See Complaint ¶¶ 8-32.

## LEGAL FRAMEWORK

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.  Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party.  Marceau v.

---

[2] HAMP is part of 12 U.S.C. § 5201, the Emergency Economic Stabilization Act of 2008.  See Williams v. Geithner, 2009 U.S. Dist. LEXIS 104096, *3-*6 (D. Minn. Nov. 9, 2009).  HAMP aims to assist three to four million homeowners who have defaulted, or are in imminent danger of defaulting, on their home mortgage by providing financial incentives to participating mortgage servicers.  Id.

Blackfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999).  But, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).   To "avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Weber v. Department of Veterans Affairs, 521 F.3d 1061, 1065 (9th Cir. 2008).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S.Ct. at 1949. If a Rule 12(b)(6) motion to dismiss is granted, leave to amend need not be granted when amendment would be futile.  Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

**I.**      **SUNTRUST'S MOTION**

    A.   HAMP

*Defendant's Argument*

Suntrust argues that it does not owe duties under HAMP because it is not a signatory. Further, courts have found that there is no private right of action under HAMP.

*Plaintiff's Opposition*

Inman states that HAMP is entitled to judicial deference, that he has worked diligently to reduce his debt ratios, and that HAMP's requirements were not followed.  Also, the complaint alleges that HAMP is an industry standard.

*Discussion*

Inman's opposition does not answer Suntrust's arguments.  First, it is unclear how

Suntrust owes duties under HAMP when HAMP applies to participating servicers, and Suntrust is not a participating servicer.  Cf. Complaint ¶ 36 with Williams v. Geithner, 2009 U.S. Dist. LEXIS 104096, *3-*6 & n.1 (D. Minn. Nov. 9, 2009).  Second, there is no private right of action provided under HAMP.  See Hart v. Countrywide Home Loans, Inc., 2010 U.S. Dist. LEXIS 85272, *13-*14 ( E.D. Mich. Aug. 19, 2010); Zeller v. Aurora Loan Servs., LLC, 2010 U.S. Dist. LEXIS 80449, *2 (W.D. Va. Aug. 10, 2010); Hoffman v. Bank of Am., 2010 U.S. Dist. LEXIS 70455, *6 (N.D. Cal. June 30, 2010); Simon v. Bank of Am., 2010 U.S. Dist. LEXIS 63480, *26-*27 (D. Nev. June 23, 2010); Marks v. Bank of Am., 2010 U.S. Dist. LEXIS 61489, *13 (D. Ariz. June 22, 2010); de la Salle v. America's Wholesale Lender, 2010 U.S. Dist. LEXIS 36319, *3-*4 (E.D. Cal. Apr. 13, 2010); Aleem v. Bank of Am., 2010 U.S. Dist. LEXIS 11944, *12 (C.D. Cal. Feb. 9, 2010).  Inman's claims under HAMP will be dismissed with prejudice.

B.   24 C.F.R. §§ 203.604, and 203.605

*Defendant's Argument*

Suntrust argues *inter alia* that there is no private remedy for these regulations.

*Plaintiff's Opposition*

Inman does not address Suntrust's argument concerning a private right of action.

*Discussion*

Suntrust is correct.  The C.F.R. sections are promulgated under the National Housing Act (12 U.S.C. § 1701 et seq.).  Neither the National Housing Act nor its implementing regulations (including 24 C.F.R. §§ 203.604, and 203.605) provide for a private right of action.  See Zendejas v. GMAC Wholesale Mortg. Corp., 2010 U.S. Dist. LEXIS 64903, 11-14 (E.D. Cal. June 28, 2010); Gaitan v. Mortg. Electronic Reg. Sys., Inc., 2009 U.S. Dist. LEXIS 97117 *25, *26 (C.D. Cal. Oct. 5, 2009); Castrillo v. American Home Mortg. Servicing, Inc., 670 F.Supp.2d 516, 526-27 (E.D. La. 2009); Mitchell v. Chase Home Finance, LLC, 2008 U.S. Dist. LEXIS 17040, *8-*9 (N.D. Tex. March 4, 2008).  Dismissal with prejudice is appropriate.

**II.   State Law Claims and MTC's Motion to Dismiss**

The basis for removal to this Court was the presence of a federal question.  However, the

4

Court has dismissed with prejudice Inman's federal claims. When removal is based on the presence of a federal cause of action, a district court may remand the pendent or supplemental state law claims to the state court once the federal claims have been eliminated. See <u>Lee v. City of Beaumont</u>, 12 F.3d 933, 936 (9th Cir. 1993). In fact, "it is generally preferable for a district court to remand remaining pendent claims to state court." <u>Id.</u> at 937. Since all federal claims have been resolved and only state law claims remain, the Court will remand the remaining state law claims to the Kern County Superior Court.

## **CONCLUSION**

This case was removed on the basis of federal question jurisdiction. However, the statutes relied upon by Inman do not provide for private causes of action. Dismissal of the federal claims with prejudice is appropriate.

Because the Court has dismissed all federal claims, the Court declines to exercise jurisdiction over the remaining state law claims. As such, the Court expresses no opinion on MTC's motion to dismiss.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Suntrust's motion to dismiss is GRANTED in part and Plaintiff's federal claims are DISMISSED with prejudice;
2. The Court declines to exercise jurisdiction over Plaintiff's state law claims;
3. The Court issues no opinion with respect to MTC's motion to dismiss; and
4. The Clerk shall immediately REMAND this case to the Kern County Superior Court.

IT IS SO ORDERED.

Dated:   September 3, 2010

_____
CHIEF UNITED STATES DISTRICT JUDGE